Ruben S. FLORES

v.

SECRETARY OF the NAVY.

Civ. A. No. C–93–150.

United States District Court,
S.D. Texas,
Corpus Christi Division.

May 31, 1994.

Thomas J. Baker, Jose L. Aliseda, Jr., Jay T. Kimbrough, Beeville, for plaintiff.

Charles Wendlandt, Asst. U.S. Atty., Corpus Christi, for defendant.

## ORDER DENYING MOTIONS FOR NEW TRIAL, MOTIONS TO RECONSIDER, AND ALL OTHER OUTSTANDING MOTIONS

HEAD, District Judge.

This discrimination suit was filed April 29, 1993. When this suit was filed, plaintiff was required to serve defendants in accordance with Federal Rules of Civil Procedure 4(d)(4) and 4(d)(5), effective July 1, 1963. Rule 4(j) required service within 120 days or dismissal unless good cause is shown. It is not disputed that service was not accomplished as required within 120 days.

Based on the returns filed, the Court makes the following findings on service:

| Rules 4(d)(4) and (5) PARTY | SERVICE METHOD | DATE SERVED | Rule 4(j) 120 DAYS DATE |
|---|---|---|---|
| U.S. Attorney, SDTX | Delivery | 10/19/93 | 8/27/93 |
| Atty General, USA | None | Never | 8/27/93 |
| Secretary of Navy | Certified Mail | 8/4/93 | 8/27/93 |

Although the motions allege the Attorney General was served, it is met by defendant's statement that the Attorney General was never served. No return of service on the Attorney General is on file. No stipulation is offered to prove service. No date of service on the Attorney General is suggested.

■ Rule 4(j) required service on all defendants timely, i.e., within 120 days after filing the complaint. Service upon the Secre-

tary of the Navy was timely. Service on the United States Attorney for the Southern District of Texas was 52 days untimely. Service on the Attorney General has never occurred. No reason for the delay was pleaded, except to assert there was a delay in the return on the Secretary of the Navy. This matter is neither relevant nor an excuse. The Court finds the plaintiff did not read the rule or follow it with excusable neglect or good cause.

While this case was pending and before the Court rendered its decision, Rule 4 was amended. The amendments to the Rules took effect on December 1, 1993, and govern all civil cases commenced after December 1, 1993, as well as proceedings in civil cases pending on December 1, 1993, insofar as just and practical. It is not just and practical to apply Rule 4(m) to this case. The 120–day limit concluded more than 90 days before Rule 4(m) became effective.

 Even if the Court decided that it was just and practical to apply the amendments to Rule 4 to this case, the result would not change, and for its second ground of decision, the Court does not exercise discretion given under Rule 4(m) in favor of the plaintiff. Under the 1993 amendments, Rule 4(d)(4) and Rule 4(d)(5) basically were renumbered and became Rule 4(i), with the same method of service as Rules 4(d)(4) and (5). Rule 4(i)(3) was added requiring the court to extend a reasonable time to cure failure to serve multiple parties under Rule 4(i). Rule 4(j) became Rule 4(m), with mandatory dismissal for failure to show good cause no longer required.

In analyzing the 1993 amendments to this case, the Court renews its findings that no cause or excusable neglect is present, but Rule 4(i)(3) requires the Court to allow a reasonable time to cure a default in service without regard to cause or fault *if either the United States Attorney or the Attorney General has been served.* Here neither was served within 120 days. The Court interprets this provision to require at least one to be served within the required period, or at least within a reasonable time of it. Because neither was served, this provision does not apply.

The Court has power under Rule 4(m) either to dismiss without prejudice or to extend the time to serve. Because the Attorney General was never served, even after this deficiency was called to plaintiff's attention by defendant's motion to dismiss, the Court finds that further extension of time to serve is not merited and that dismissal without prejudice is the appropriate alternative.

For the foregoing reasons, the Court reaffirms its earlier result and dismisses plaintiff's case without prejudice. Plaintiff's motion to extend date for service is denied, and all other motions by plaintiff not specifically granted herein are denied.

ORDERED.